162 F.Supp.2d 234 (2001)
Application of the OXFORD MEDICAL GROUP, P.C. Petitioner,
v.
AHAD VOSSOUGHIAN, M.D., United States Equal Employment Opportunity Commission and Evonne Jennings Tolbert as Acting Commissioner of the New York State Division of Human Rights, Respondents,
for An Order Pursuant to FRCP 81 and 9 USC § 3 Staying or Dismissing the Investigation/Processing or Proceedings of Complaints Made By Ahad Vossoughian to the United States Equal Employment Opportunity Commission and The New York State Division of Human Rights.
No. 01 CIV. 4802(CM).
United States District Court, S.D. New York.
August 2, 2001.
MEMORANDUM DECISION AND ORDER GRANTING PETITIONER'S REQUEST TO RULE ON RESPONDENT'S CROSS-CLAIM AND DISMISSING THE CROSS-CLAIM
McMAHON, District Judge.
On July 30, 2001, I denied Oxford Medical Group's ("Oxford") motion to stay the Equal Employment Opportunity Commission (EEOC) and the New York State Division of Human Rights (SDHR) from investigating charges of age discrimination brought by a former employee, Ahad Vossoughian ("Vossoughian"), and dismissed the action for lack of subject matter jurisdiction. In doing so, I did not address or rule on the cross-motion brought by respondent Vossoughian, in which respondent seeks to wriggle out from under his agreement to arbitrate by having this Court enter an order (1) staying the arbitrator from adjudicating all issues relating to petitioner's decision to suspend and terminate respondent, on the grounds that *235 adjudication of this issue exceeds the scope of the arbitrator's authority under the arbitration clause of the employment agreement; (2) in the alternative, declaring the arbitration clause unenforceable and stay adjudication of the discrimination claims on the grounds that respondent cannot fully pursue his statutory rights in arbitration, because the high cost of the arbitrating these claims will force respondent to abandon his discrimination claim; or (3) in the alternative, declare the arbitration clause unenforceable on the grounds that the arbitrator's prohibition against hearing respondent's aider and abettor claim against Oxford's CEO will prevent full adjudication of the discrimination claims in either the arbitral forum or before the SDHR.
This is a motion to stay an arbitration under the Federal Arbitration Act, 9 U.S.C. § 1 et seq. ("FAA"). It is denied.
A party to an arbitration may come to Federal Court to obtain a stay of arbitration only when there is some basis for Federal jurisdiction independent of the Federal Arbitration Act. Here, there is none. The parties are not of diverse citizenship. And Vossoughian's claims, to the extent that they arise under any statute at all, arise under the Federal Arbitration Actwhich, as noted in my July 30 decision, does not provide a basis for invoking federal jurisdiction. Westmoreland Capital Corp. v. Findlay, 100 F.3d 263, 269 (2d Cir.1996). Vossoughian argues that one "branch" of his motionhis application for an order declaring the arbitration clause to be unenforceablearises under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq. His argument is as flimsy as was Oxford's contention that its application to stay administrative proceedings arose under ADEA.
Even if there were an independent basis of jurisdiction over Vossoughian's claim for a declaration that the arbitration clause is unenforceable under ADEA, I would have to dismiss it. As long as Vossoughian is party to a valid and binding arbitration agreement, he must arbitrate. And he has waived his right to protest otherwise. He admitted as much by not timely moving for a stay of the arbitration originally filed by Oxford, and by affirmatively invoking the jurisdiction of the arbitrator over certain claims. (See July 30 decision at 2.)
Under Article 75 of New York's Civil Practice Law and Rules, Vossoughian had twenty days from the date he was served with the original Notice of Intent to Arbitrate to move (in the State Supreme Court, given the lack of diversity jurisdiction) to stay arbitration on the ground that there is no valid agreement to arbitratewhich would include a motion that the arbitration agreement was unenforceable. N.Y. C.P.L.R. § 7503(c) (McKinney 1998). At best, he had twenty days from the March 16, 2001 filing of Oxford's Supplemental Notice of Intent to Arbitrate (what is it called, really), which is when the ADEA issues were injected into the arbitration, to make such a motion, on the ground that the arbitration agreement was unenforceable as to the ADEA claims. He failed to meet the deadline. Therefore, he is bound to arbitrate, and neither this nor any Court can entertain his application.[1]
As I lack jurisdiction over that portion of respondent's cross-claim which seeks to prevent the arbitrator from adjudicating *236 Vossoughian's discrimination claims, I cannot exercise supplemental jurisdiction over the remainder of his cross-claim. If I had such jurisdiction, I would decline to exercise it.
The counterclaims are dismissed. The Clerk is directed to close the case.
NOTES
[1] In view of the Supreme Court's decision in Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 121 S.Ct. 1302, 149 L.Ed.2d 234 (2001), it is highly doubtful that Vossoughian's argument that the cost of arbitrating will deter him from pursuing his ADEA claimhas merit.